The Honorable Charlie Green Lee County Clerk of Circuit Court Post Office Box 2469 Fort Myers, Florida 33902-2469
Dear Mr. Green:
As clerk of the circuit court and county recorder for Lee County, you ask substantially the following questions:
1. In recording documents in the Official Records that are required to contain social security numbers, are the social security numbers contained in documents to be recorded in the Official Records to be redacted before the documents are microfilmed or scanned for inclusion in the Official Records or before inspection by the public?
2. Do the exemption and redaction requirements apply to the recording of federal records in the Official Records?
In sum, the clerk of the court, in recording documents in the Official Records that are required to contain social security numbers, may not redact social security numbers or other confidential information upon receipt; however, the clerk is required to maintain the confidentiality of that information.
As your questions are interrelated, they will be answered together.
Pursuant to section 28.222(1), Florida Statutes, the clerk of the circuit court is the recorder of all instruments that he or she may be required or authorized by law to record in the county where he or she is clerk. Subsection (2) of the statute provides:
"The clerk of the circuit court shall record all instruments in one general series called "Official Records." He or she shall keep a register in which he or she shall enter at the time of filing the filing number of each instrument filed for record, the date and hour of filing, the kind of instrument, and the names of the parties to the instrument. The clerk shall maintain a general alphabetical index, direct and inverse, of all instruments filed for record. The register of Official Records must be available at each office where official records may be filed."[1]
Section 119.0721(1), Florida Statutes, however, provides that effective October 1, 2002, all social security numbers held by an agency or its agents, employees, or contractors are confidential and exempt from section 119.07(1), Florida Statutes, and section 24(a), Article I, Florida Constitution.[2] The exemption applies to all social security numbers held by an agency and its agents, employees, or contractors before, on, or after the effective date of this exemption.
Specifically addressing a county's Official Records, section 119.0721(5), Florida Statutes, provides:
"(a) On or after October 1, 2002, no person preparing or filing a document to be recorded in the official records by the county recorder as provided for in chapter 28 may include any person's social security number in that document, unless otherwise expressly required by law.[3] If a social security number is or has been included in a document presented to the county recorder for recording in the official records of the county before, on, or after October 1, 2002, it may be made available as part of the official record available for public inspection and copying.
(b) Any person, or his or her attorney or legal guardian, has the right to request that a county recorder remove, from an image or copy of an official record placed on a county recorder's publicly available Internet website or a publicly available Internet website used by a county recorder to display public records or otherwise made electronically available to the general public by such recorder, his or her social security number contained in that official record. Such request must be made in writing, legibly signed by the requester and delivered by mail, facsimile, or electronic transmission, or delivered in person, to the county recorder. The request must specify the identification page number that contains the social security number to be redacted. The county recorder shall have no duty to inquire beyond the written request to verify the identity of a person requesting redaction. No fee will be charged for the redaction of a social security number pursuant to such request.
(c) A county recorder shall immediately and conspicuously post signs throughout his or her offices for public viewing; shall immediately and conspicuously post a notice on any Internet website or remote electronic site made available by the county recorder and used for the ordering or display of official records or images or copies of official records; and shall, prior to October 1, 2002, publish on two separate dates in a newspaper of general circulation in the county where the county recorder's office is located as provided for in chapter 50, a notice, stating, in substantially similar form, the following:
1. On or after October 1, 2002, any person preparing or filing a document for recordation in the official records may not include a social security number in such document, unless required by law.
2. Any person has a right to request a county recorder to remove, from an image or copy of an official record placed on a county recorder's publicly available Internet website or on a publicly available Internet website used by a county recorder to display public records or otherwise made electronically available to the general public, any social security number contained in an official record. Such request must be made in writing and delivered by mail, facsimile, or electronic transmission, or delivered in person, to the county recorder. The request must specify the identification page number that contains the social security number to be redacted. No fee will be charged for the redaction of a social security number pursuant to such a request."[4]
Section 119.07(6)(gg)4, Florida Statutes, provides that on January 1, 2006, and thereafter, the clerk of the circuit court and the county recorder "must keep social security numbers confidential and exempt as provided for in s. 119.0721, without any person having to requestredaction." (e.s.)
Thus, the statutes provide that a document to be recorded in a county's Official Records may not contain a person's social security number unless otherwise expressly required by law. Moreover, a person, or his or her attorney or legal guardian, may request the removal of his or her social security number contained in that official record from an image or copy of an official record placed on a county recorder's publicly available Internet website or a publicly available Internet website used by a county recorder to display public records or otherwise made electronically available to the general public by such recorder. On and after January 1, 2006, the county recorder must keep the social security numbers confidential and exempt without the person having to request redaction.
The term "redact" is statutorily defined in section 119.011(12), Florida Statutes, to mean "to conceal from a copy of an original public record, or to conceal from an electronic image that is available for public viewing, that portion of the record containing exempt or confidential information." Thus, the term refers to altering a copy of the record rather than physically altering the original document.[5]
In Attorney General Opinion 97-67 this office considered the responsibility of the clerk when addressing confidential material contained in the Official Records. This office concluded that nothing in the Public Records Law or the statutes governing the duties of the clerk authorizes the clerk to alter or destroy Official Records, although the clerk is under a duty to prevent the release of confidential material that may be contained in the Official Records. The manner by which this is to be accomplished rests within the sound discretion of the clerk.[6]
As this office stated in Attorney General Opinion 97-67, this office cannot prescribe a single method that would be acceptable.
Similarly, I am not aware of any provision authorizing the clerk, in recording in the Official Records documents that are required to contain social security numbers, to delete the social security numbers prior to recording such documents in the Official Records. The social security number, however, is confidential in such records and the clerk is under a responsibility to prevent the release of such information to the public. You also ask whether the exemption and redaction requirements would apply to the recording of federal records.
Pursuant to section 28.222(3), Florida Statutes,
"The clerk of the circuit court shall record the following kinds of instruments presented to him or her for recording, upon payment of the service charges prescribed by law:
* * *
(b) Notices of lis pendens, including notices of an action pending in a United States court having jurisdiction in this state.
(c) Judgments, including certified copies of judgments, entered by any court of this state or by a United States court having jurisdiction in this state and assignments, releases, and satisfactions of the judgments.
(d) That portion of a certificate of discharge, separation, or service which indicates the character of discharge, separation, or service of any citizen of this state with respect to the military, air, or naval forces of the United States. Each certificate shall be recorded without cost to the veteran, but the clerk shall receive from the board of county commissioners or other governing body of the county the service charge prescribed by law for the recording.
(e) Notices of liens for taxes payable to the United States and other liens in favor of the United States, and certificates discharging, partially discharging, or releasing the liens, in accordance with the laws of the United States.
(f) Certified copies of petitions, with schedules omitted, commencing proceedings under the Bankruptcy Act of the United States, decrees of adjudication in the proceedings, and orders approving the bonds of trustees appointed in the proceedings."
I am not aware of, nor have you drawn my attention to, any provision that would treat the recording of such records in a different manner. As noted above, section 28.222, Florida Statutes, recognizes the authority of the clerk to record in the Official Records certain federal documents.[7]
The provisions of sections 119.07(6)(gg), Florida Statutes, and 119.0721, Florida Statutes, clearly relate to the recording of documents in the Official Records; no exception from the provisions of those statutes is recognized for federal records being recorded.
Accordingly, I am of the opinion that the clerk, when presented with a document that is required by law to contain a social security number for recording in the Official Records, must record such document upon payment of the service charges prescribed by law. However, the social security numbers contained in the recorded documents are confidential and the clerk is responsible for preventing the release of such information to the public.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] And see s. 28.222(6), Fla. Stat., providing that instruments recorded in the Official Records are open to the public, under the supervision of the clerk, for the purpose of inspection thereof and of making extracts therefrom; s. 28.001(1), Fla. Stat., defining "Official records" as "each instrument that the clerk of the circuit court is required or authorized to record in one general series called `Official Records' as provided for in s. 28.222." See also s. 28.2221, Fla. Stat., providing for electronic access to official records.
[2] Section 119.07(1), Fla. Stat., requires custodians of public records to permit the inspection and copying of such records by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian; Art. I, s. 24(a), Fla. Const., establishes a right to inspect or copy a public record except records exempted pursuant to that section or made confidential by the Constitution.
[3] And see s. 119.07(6)(gg)2., Fla. Stat., which similarly provides that any person who prepares or files a document to be recorded in the official records by the county recorder as provided in chapter 28 may not include a person's social security number in that document unless otherwise expressly required by law. Cf. s. 119.0721(8), Fla. Stat., providing:
"An agency shall not collect an individual's social security number unless authorized by law to do so or unless the collection of the social security number is otherwise imperative for the performance of that agency's duties and responsibilities as prescribed by law. Social security numbers collected by an agency must be relevant to the purpose for which collected and shall not be collected until and unless the need for social security numbers has been clearly documented. An agency that collects social security numbers shall also segregate that number on a separate page from the rest of the record, or as otherwise appropriate, in order that the social security number be more easily redacted, if required, pursuant to a public records request. An agency collecting a person's social security number shall, upon that person's request, at the time of or prior to the actual collection of the social security number by that agency, provide that person with a statement of the purpose or purposes for which the social security number is being collected and used. Social security numbers collected by an agency shall not be used by that agency for any purpose other than the purpose stated. Social security numbers collected by an agency prior to May 13, 2002, shall be reviewed for compliance with this subsection. If the collection of a social security number prior to May 13, 2002, is found to be unwarranted, the agency shall immediately discontinue the collection of social security numbers for that purpose."
[4] And see s. 28.2221(5), Fla. Stat., which provides that no county recorder or clerk of the court may place an image or copy of a public record, including an official record, on a publicly available Internet website for general public display if that image or copy is of a military discharge; death certificate; or a court file, record, or paper relating to matters or cases governed by the Florida Rules of Family Law, the Florida Rules of Juvenile Procedure, or the Florida Probate Rules, and provides for the removal of records specified in the subsection on a publicly available Internet website.
[5] See Op. Att'y Gen. Fla. 02-69 (2002), concluding that s.119.07(3)(ff)1., Fla. Stat. 2002 [now s. 119.07(6)(gg)1., Fla. Stat.] does not authorize the clerk of the court to
permanently remove or obliterate from an original court record social security numbers or bank account, debit, charge or credit card numbers pursuant to a written request.
[6] Cf., Op. Att'y Gen. Fla. 84-81 (1984) (custodian of record containing both exempt and nonexempt material may comply with the Public Records Law by any reasonable method which maintains and does not destroy the exempted portion, while allowing public inspection of the nonexempt portion).
[7] This office has stated that the clerk of court may not accept for recording in the official records any document which the law does not authorize or require him or her to record. See Ops. Att'y Gen. Fla. 90-69 (1990) and 92-24 (1992).